Donnie BISBEE *v.* STATE of Arkansas

CR 99-1513                                    17 S.W.3d 477

Supreme Court of Arkansas
Opinion delivered June 1, 2000

*Gary Arnold*, Judge;

*Joe Kelly Hardin*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Asst. Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Donnie Bisbee, was charged on June 14, 1999, with one count of kidnapping, three counts of rape, and one count of residential burglary. These charges stemmed from the alleged abduction of a child on June 10, 1999. Having been convicted of four or more prior felonies, appellant was charged as a habitual offender. The law enforcement officials spoke with appellant about the abduction on the evening of June 11, 1999.

On August 4, 1999, appellant filed a motion to suppress those statements given to the law enforcement officials on June 11, 1999, arguing that his statements should be suppressed because they were not voluntarily given. Specifically, appellant argued that the statements should be excluded from evidence because: 1) appellant was threatened by officers and circumstances; and 2) he was under the

influence of intoxicating drugs and did not know what he was doing.

On August 16, 1999, a hearing was held on appellant's motion. At the hearing, appellant amended his motion to suppress. Appellant argued that his statements should be suppressed because the law enforcement officials interrogating him promised him a "Coke" and a cigarette in exchange for his statements.

Lieutenant Jerry Odom, an employee of the Saline County Sheriff's Department testified at the hearing. He stated that he was assisting in locating a missing child on July 11, 1999. He also testified that appellant was a suspect in the kidnapping and that he was taken into custody. Lieutenant Odom also stated that as soon as he came into contact with appellant he "*Mirandized* him" and that appellant verbally and physically acknowledged that he understood his rights. He further testified that appellant waived his rights and answered Lieutenant Odom's questions about the missing child. In response to Lieutenant Odom's questions, appellant stated that he would tell the location of the child if he could have a "Coke" and a cigarette. Lieutenant Odom told appellant that he "would get him something to drink and a smoke as soon as we could locate the child." Finally, Lieutenant Odom stated that after appellant gave a description of where the child could be located, he provided appellant with a "Coke" and a cigarette at the crime scene and again when appellant was taken to the criminal investigation division.

Detective Scottie Courtney with the Saline County Sheriff's Department also testified at the hearing. He stated that he questioned appellant about the child-abduction case on June 11, 1999, after the missing child had been found. Detective Courtney further testified that he read appellant his *Miranda* rights prior to questioning him and that appellant verbally acknowledged that he understood his rights, signed the form acknowledging that he understood his rights, and immediately signed a waiver of those rights. Detective Courtney also stated, and the form signed by appellant and the two detectives acknowledged, that neither of the detectives questioning appellant coerced appellant or made any promises to him.

Additionally, Detective Shawn Garner of the criminal investigation division testified. He stated that appellant was not under the influence of drugs or alcohol during the July 11, 1999, interview.

Detective Garner also testified that no promises were made to appellant and no coercion was used on appellant during the interview. However, he did note that he provided appellant with a "Coke" during the interrogation but was unable to give appellant a cigarette because neither he nor Detective Courtney smoked. He further stated that appellant had a G.E.D. and indicated that he could read and write. Detective Garner also noted that the entire interview lasted only eleven minutes.

In its order, filed August 23, 1999, the trial court denied appellant's motion to suppress. The trial court found that appellant had voluntarily waived his rights before speaking to the law enforcement officials and that "based upon the totality of circumstances, that the defendant's statement to the detectives was voluntary, and was not the product of any express or implied police coercion."

On September 10, 1999, pursuant to Arkansas Rules of Criminal Procedure 24.3(b), the trial court accepted appellant's conditional guilty plea. Appellant pleaded guilty to the offense of rape and acknowledged his status as a habitual offender. Appellant's guilty plea was conditioned upon the State allowing him to appeal the trial court's adverse ruling on his pretrial motion to suppress. Appellant was sentenced to life imprisonment. Appellant raises one point on appeal, and we affirm the trial court.

In his only point on appeal, appellant contends that the trial court erroneously denied his pretrial motion to suppress. Specifically, he argues, in his one and one-half page brief, that his statements were not voluntarily given because they were given as the result of a promise made by law enforcement officials to provide appellant with a "Coke" and a cigarette in exchange for his assistance.

■ The State bears the burden of proving by a preponderance of the evidence the voluntariness of an in-custodial confession. *Davis v. State*, 275 Ark. 264, 630 S.W.2d 1 (1982). Any conflict in the testimony of different witnesses is for the trial court to resolve. *Id.* While we do not reverse the trial court's finding unless it is clearly erroneous, we do make an independent determination based on the totality of circumstances, with all doubts resolved in favor of

individual rights and safeguards, to determine whether the holding of the trial court was erroneous. *Id.*

■ A statement induced by a false promise of reward or leniency is not a voluntary statement. *Clark v. State,* 328 Ark. 501, 944 S.W.2d 533 (1997). For the statement to be involuntary the promise must have induced or influenced the confession. *McDougald v. State,* 295 Ark. 276, 748 S.W.2d 340 (1988). Additionally, we have held that where a defendant conceives a plan and bargains for its acceptance in return for what he then claims was wrongfully obtained, it is incumbent on him to show he was coaxed into giving a statement that was not true. *Williams v. State,* 281 Ark. 91, 663 S.W.2d 700 (1983)(supplemental opinion denying rehearing). We have explained that it is necessary for the defendant to show that the statement was untrue because the object of the rule is not to exclude a confession of truth, but to avoid the possibility of a confession of guilt from one who is in fact innocent. *Id.*

■ As with other aspects of voluntariness, we look at the totality of the circumstances. *Conner v. State,* 334 Ark. 457, 982 S.W.2d 655 (1998). The totality is subdivided into two main components: first, the statement of the officer, and second the vulnerability of the defendant. *Davis, supra.* We have articulated factors which we will look to in our determination of whether the defendant was vulnerable. Specifically, we have held that the factors to be considered in determining vulnerability include: 1) the age, education, and intelligence of the accused; 2) how long it took to obtain the statement; 3) the defendant's experience, if any, with the criminal-justice system; and 4) the delay between the Miranda warnings and the confession. *Conner, supra.*

Applying the applicable rules to the present case, it is clear that the trial court's findings were not erroneous. Here the promise was neither false nor an inducement of appellant's statements. Appellant was not enticed by prospects of reward from those in authority. Appellant conceived the idea and initiated the agreement. Specifically, he proposed to offer assistance to the law enforcement officials in return for an assurance that he would receive a "Coke" and a cigarette. Nothing suggests the statements were extorted from appellant by false promises. Appellant makes no claim that his statements were false, or that he was misled by the law enforcement officials. In fact, the State complied with appellant's requests. After

helping the law enforcement officials locate the missing child, appellant was given three "Cokes" and two cigarettes. Moreover, we note that the facts surrounding the giving of his statements to law enforcement officials are substantially similar to those relating to the defendant's confession in *Williams v. State*, 281 Ark. 91, 663 S.W.2d 700 (1983). In that case, we held that a criminal defendant's statement was not improperly induced by law enforcement officials. Specifically, we held, in our supplemental opinion denying rehearing, that:

> When all the factors are considered, we conclude that the confession was voluntarily given: 1) *appellant had not been subjected to lengthy interrogation*, he was questioned briefly on May 8 and not again until he requested the meeting of May 14; 2) appellant was not without counsel, he had a lawyer, evidently retained, though he chose to meet without him; 3) *the Miranda warnings were repeatedly read to appellant*; 4) *it was appellant who conceived and proposed that he give a statement in exchange for a charge of first degree murder*; 5) at the time the agreement was reached appellant had not been charged in the Green murder, he was at most a suspect; 6) the agreement was not reached with the police, who are sometimes accused of overstepping the strict restraints of the law, but with a seasoned deputy prosecutor of more than twenty years affiliation with the office; 7) *appellant did not mistakenly rely to his detriment on a false promise*, the State kept the bargain and appellant benefitted by it; 8) finally, and notably, *appellant does not claim he was lured by the hope of reward into giving a false statement*, thus, the truth of the statement he gave under oath to the deputy prosecutor remains utterly unchallenged by him.
>
> When the case law applicable to these facts is examined we think it has been correctly applied and the confession was properly admitted. *The fact that it was appellant who initiated the proposal is a key factor* and one which has been seen by many courts as significantly different from the opposing situation, where the state initiates the proposal and uses it to beguile the suspect.

*Williams, supra* (emphasis added). Turning to the facts surrounding appellant's statements, we note that: 1) the length of the appellant's interrogation was only eleven minutes; 2) appellant was read his *Miranda* rights several times prior to the giving of his statements and chose to waive his right to an attorney on each occasion; 3) it was appellant who conceived and proposed that he assist the law enforcement officials in exchange for a "Coke " and a cigarette; 4)

appellant did not mistakenly rely to his detriment on a false promise; 5) appellant was not particularly vulnerable in that he was twenty-four years old at the time of the interview, could read and write, had a G.E.D., was in control of his mental faculties, and was not a stranger to the criminal-justice system, having been convicted of at least four prior felonies; and 6) appellant did not assert that he was lured by hope of reward into giving false statements.

We further note that appellant argues that based on our holding in *Sanders v. State*, 305 Ark. 112, 805 S.W.2d 953 (1991) we must conclude that his statements should have been suppressed. Because the facts in Sanders are inapposite to the case now on review, we cannot agree with appellant. Therefore, we conclude that based on the totality of the circumstance, appellant's statements were voluntarily given and that the trial court did not err in denying appellant's motion to suppress. Accordingly, the trial court is affirmed.

*4-3(h) Review*

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.